Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50264 | **DATE** | 9/13/2001 |
| **CASE TITLE** | BOWMAN vs. BRUSH WELLMAN, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   In accordance with the attached order, Plaintiff's Motion to Compel is granted in part and denied in part. Defendant is hereby ordered to respond to Plaintiff's discovery requests, in accordance with the attached, by October 10, 2001. Defendant is ordered to produce documents in accordance with the attached order for in camera inspection by October 8, 2001. Enter attached Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | SEP 13 2001 |
| | Notified counsel by telephone. | date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| | | date mailed notice |
| tml | courtroom deputy's initials | gg |
| | | mailing deputy initials |
| | Date/time received in central Clerk's Office | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| RICHARD BRYAN BOWMAN, | ) |
| | ) |
| Plaintiff, | ) Case No. 00 C 50264 |
| | ) |
| v. | ) Philip G. Reinhard |
| | ) P. Michael Mahoney |
| BRUSH WELLMAN, INC., an Ohio | ) |
| corporation; NGK METALS, Inc. a | ) |
| Delaware corporation; and CABOT | ) |
| CORPORATION, a Delaware corporation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On April 20, 2001, Plaintiff filed a motion to compel responses to interrogatories and requests for production of documents to which Defendant, Brush Wellman, Inc. had claimed various privileges applied. The issues raised in that motion were initially addressed by this court in a discovery conference held on April 24, 2001. At that conference, Defendant was directed to submit a brief in support of its privilege claims. All briefs on this issue have now been submitted.

In his April 20, 2001, motion, Plaintiff raised five issues with respect to Defendant's claims of attorney-client, work product and joint defense privileges. Plaintiff seeks to compel the disclosure of several categories of non-privileged documents listed in Defendant's privilege log. The first issue raised by Plaintiff with respect to Defendant's privileged documents concerns documents maintained by Defendant's outside counsel "as kept in the ordinary course of business." It is not clear from the material provided by Plaintiff whether he is referring to documents prepared by Defendant and then sent to its attorney or documents prepared by the attorney. As to documents forwarded by Defendant to its attorneys, this court believes that Defendant is required to produce a privilege log for

responsive, relevant privileged documents maintained in its attorney's files. Further, as to documents created by Defendant's attorney, Plaintiff is entitled to discovery of responsive, non-privileged relevant documents, and Defendant is required to produce a privilege log for the responsive, relevant documents that are not produced pursuant to a privilege. The Federal Rules of Civil Procedure provide for broad discovery of relevant, non-privileged matters. Fed. R. Civ. P. 26(b). No exception to that rule is provided for documents that are maintained in an attorney's offices. Defendant has claimed that it would be overly burdensome to require them to sort through fifty years worth of files and that burden far outweighs any potential benefit. (Defendant's Memorandum in Support at 3, filed 5/15/2001). However, Defendant has not provided this court with sufficient evidence of the burden asserted. Also, Defendant claims that any documents that may have been sent to counsel has already been either logged or produced as it existed in Defendant's own files. (Defendant's Reply at 3, filed 6/8/2001). Defendant is required to produce all responsive, relevant and non-privileged documents, including those documents maintained in its attorneys' offices which are within its control.

In the case of the attorney-client privilege, Defendant is required to comply with the standard set forth by Dean Wigmore and adopted by the Seventh Circuit as follows,

> 1) Where legal advice was sought, 2) from a professional legal advisor in his capacity as such, 3) the communications relating to that purpose, 4) made in confidence, 5) by the client, 6) are at his instance permanently protected 7) from disclosure by himself or by the legal advisor, 8) except the protection be waived. *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997).

As to the work product doctrine, in order to protect documents from disclosure, Defendant must demonstrate that the document was prepared in anticipation of litigation. *Allendale Mutual Insurance Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84, 87 (N.D. Ill. 1992). Additionally, if Defendant asserts

a privilege for any such documents Defendant is required to prove, on a document by document basis, the elements of the claimed privilege. Pursuant to the Federal Rules of Civil Procedure, any objections Defendant has to the relevancy, scope or burden imposed by Plaintiff's discovery requests, must be made in response to those discovery requests. Fed. R. Civ. P. 26(b)(1), 26(b)(2), 33(b) and 34. Plaintiff's motion to compel, as to any responsive, relevant and non-privileged documents maintained in Defendant's attorneys' offices, is granted to the extent that such documents have not already been produced or logged..

Plaintiff also seeks to compel the production of information addressing who, within Defendant corporation, was authorized to seek legal advice from outside counsel. (Pl.'s Motion to Compel at 7, filed 4/20/2001). Plaintiff argues that Defendant has voluntarily produced at least one document that addresses the issue of who is authorized to seek advice of counsel and that the privilege as to that issue has therefore been waived. (Pl.'s Motion to Compel at 8, filed 4/20/2001). Generally, the voluntary disclosure of a privileged document waives the privilege as to all communications on the same subject. *Graco Children's Products, Inc. v. Dressler, Goldsmith, Shore & Milnamow, LTD.*, 1995 U.S. Dist. LEXIS 8157, at *21 (N.D. Ill. June 13, 1995). However, exceptions to this waiver have been found where the partial disclosure was not effected for the purpose of gaining a tactical advantage in litigation over the opposing party. *Dellwood Farms v. Cargill, Inc.*, 128 F.3d 1122 (7th Cir. 1997) and *Graco Children's Products, Inc. v. Dressler, Goldsmith, Shore & Milnamow, LTD.*, 1995 U.S. Dist. LEXIS 8157, at *21 (N.D. Ill. June 13, 1995). In this case there is no indication that Defendant seeks to gain, or has gained, a tactical advantage through disclosing a memo addressing who may seek advice of counsel and not disclosing all other documents on that issue. Further, as Defendant points out, a memo written in 1951 should not serve

to allow for discovery as to that issue for the subsequent fifty year time period. Plaintiff's motion to compel, as to documents addressing who at Defendant corporation is authorized to seek the advice of counsel, is denied.

The third issue raised by Plaintiff concerns Defendant's claim of the joint defense/common interest privilege. The common interest privilege extends an existing attorney-client or work product privilege, where the information protected from disclosure has been shared with a third party that is involved in a joint defense effort or strategy. *Blanchard v. Edgemark Financial Corp.*, 192 F.R.D. 233, 237 (N.D. Ill. 2000). Further, the asserted common interest must be legal and not merely commercial or financial. *Id.* In order to successfully assert the common interest privilege, Defendant must first demonstrate that the contested documents are protected by an underlying privilege, such as the attorney-client privilege or the work product privilege.

The attorney-client privilege protects confidential communications made by a client to his lawyer where legal advice is sought from a professional legal advisor in his capacity as such. *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000) citing *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). Generally, the voluntary disclosure of attorney-client communications is inconsistent with the confidential nature of the relationship and waives the attorney-client privilege. *Blanchard* at 236, citing *Powers v. Chicago Transit Auth.*, 890 F.2d 1355, 1359 (7th Cir. 1989). With respect to the work product privilege, that privilege is broader than the attorney client privilege. A waiver of the work product privilege through sharing with a third party will occur only when the manner in which the protected communications are disclosed substantially increases the opportunity for potential opponents to obtain the communications. *Id.* (citing *Behnia v. Shapiro*, 176 F.R.D. 277, 279 (N.D. Ill. 1997)). Plaintiff has not disputed Defendant's underlying privilege claims. Instead,

4

Plaintiff claims that Defendant has not demonstrated that the third parties, to whom the documents were disclosed, were jointly involved in litigation or anticipated litigation. Plaintiff claims that many of the documents for which the common interest doctrine were asserted did not pertain to litigation or anticipated litigation.

In Plaintiff's initial brief, he failed to identify, specifically, any documents to which the common interest doctrine should not apply. Plaintiff argued broadly in terms of the law of the common interest doctrine but did not raise any issues this court could address specifically. Later, in his response brief, Plaintiff identifies 33 documents contained in the privilege log for which a joint defense privilege is asserted. (Pl.'s Response at 5, filed 5/29/2001). Plaintiff demonstrates that of the 33 documents, 15 are described as relating to government regulatory activities, rather than litigation. (Pl.'s Response at 5, filed 5/29/2001). Plaintiff identifies seven more documents that are not described as relating to litigation or regulatory matters. (Pl.'s Response at 5, filed 5/29/2001). Plaintiff also asserts that only 4 of the 33 documents for which the privilege is asserted refer to the defense of a lawsuit in which both Defendant and the Beryllium Corporation were defendants. (Pl.'s Response at 5, filed 5/29/2001).

As with all privileges, the common interest privilege must be narrowly construed to allow for the broad access to information favored by the Federal Rules of Civil Procedure. The common interest doctrine specifically refers to the interest shared by parties to litigation or an anticipation of litigation. It may be that investigations by government agencies satisfy the requirement that the parties be involved in litigation or anticipate litigation. However, Defendant has not provided this court with sufficient information to determine whether the regulatory proceeding referred to were investigative in nature. Merely participating with other like-minded parties in lobbying efforts before

5

government agencies would not form a basis for the invocation of the common interest doctrine. Creating a privilege for those parties who merely share an interest in the regulatory proceedings that are common to the entire beryllium industry would create too broad an exception to the rules of discovery. Therefore, Defendant is ordered to produce, for in camera inspection, the 33 documents identified by Plaintiff in his response brief. Those 33 documents, along with a brief description, as to each document, of the regulatory proceedings involved and the nature of the privilege invoked, will be submitted to this court by October 8, 2001.

Plaintiff also seeks to compel the production of allegedly privileged documents that were disclosed to third parties who were not employees or consulting experts of Defendant. (Pl.'s Motion to Compel at 9, filed 4/20/2001). Plaintiff asserts that Defendant's privilege log includes documents that were shared with third parties who were not employees or consulting experts of Defendant and that the privilege as to those documents has therefore been waived. Plaintiff fails to provide any specific examples of entries in Defendant's privilege log for this court to consider and rule upon. As with many of the issues raised by Plaintiff, Plaintiff refers only broadly, and somewhat vaguely, to categories of documents he believes have been improperly included in Defendant's privilege log. This court declines to address Plaintiff's concerns absent concrete controversies over specific documents.

Finally, Plaintiff claims that Defendant has improperly asserted the attorney-client privilege in instances where Mr. Rose, a former member of Defendant's Board of Directors and employed by the firm representing Defendant, was the author or recipient of documents and Defendant failed to demonstrate that Mr. Rose was operating in his capacity as counsel rather than his capacity as a member of the Board. Again, Plaintiff did not provide any specific examples in his first brief

regarding what documents Defendant has improperly included in its privilege log. In his Response, Plaintiff refers to four specific documents but fails to identify Mr. Rose as the author or recipient of any of the documents. Similarly, Defendant fails to identify Mr. Rose's role in its brief. Rather than guess at Mr. Rose's role, this court orders that the four listed documents be produced for an in camera inspection to determine the applicability of the attorney-client privilege. Defendant is also required to submit a brief description of the applicability of the privilege as to each document. Those documents should be submitted by October 8, 2001.

**CONCLUSION**

As stated above, Plaintiff's Motion to Compel is granted in part and denied in part. Defendant is hereby ordered to respond to Plaintiff's discovery requests, in accordance with the above, by October 10, 2001.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 9/13/01

7