# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50264 | **DATE** | 10/30/2001 |
| **CASE TITLE** | BOWMAN vs. BRUSH WELLMAN, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached, Plaintiff's motion to compel is granted in part and denied in part. Defendant is to produce documents marked in its October 9, 2001, submission as Nos. 1-22, 24 and 26-33 to Plaintiff by November 13, 2001. Enter attached Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 30 2001 date docketed | 16 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 10/30/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| | tml courtroom deputy's initials | | gg mailing deputy initials | |

U.S. DISTRICT COURT
CLERK
2001 OCT 30 PM 2:54
Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION



RICHARD BRYAN BOWMAN,           )
                                )
    Plaintiff,                  )       Case No. 00 C 50264
                                )
    v.                          )       Philip G. Reinhard
                                )       P. Michael Mahoney
BRUSH WELLMAN, INC., et. al.,   )
                                )
    Defendants.                 )

## Memorandum Opinion and Order

On September 13, 2001, this court addressed several privilege issues raised by the parties and ordered Defendant, Brush Wellman, to produce documents for in camera inspection to assess the applicability of the claimed privileges. On October 9, 2001, Defendant produced thirty-seven documents in addition to a table listing brief descriptions of the documents' contents and the privileges asserted for this court's inspection. Before addressing Defendant's privilege assertions, this court notes that in its October, 9, 2001, submission Defendant claimed that the documents produced for inspection were not responsive to any discovery request submitted by Plaintiff. This court would have been happy to consider that argument had Defendant opposed that motion on the grounds that Plaintiff had not actually requested the information he sought to compel. However, Defendant has not previously asserted that Plaintiff failed to request the documents at issue and this court finds that argument has been waived. Further, this court notes that in Defendant's submission, it informed this court that many of the documents requested were not relevant to Plaintiff's claims.[1] Again, this court would have been happy to entertain Defendant's relevance objections had they been

---

[1] Defendant asserted that Document Nos. 1, 4 - 8, 10 - 16, 18 - 20, 22, 24 and 33 were not relevant to Plaintiff's claims.

raised in response to Plaintiff's motion to compel. Defendant failed to timely object to Plaintiff's motion to compel on the grounds of irrelevance and this court finds that Defendant's objection has therefore been waived. Finally, this court would like to remind the parties that the Federal Rules of Civil do govern the conduct of discovery in this case. While this court realizes that discovery in this case is somewhat hampered by Defendant's reliance of document depositories and the difficulties that may arise therefrom, this court does expect that the parties will try their best to submit clear and concise requests and responses and that privilege issues will be addressed pursuant to Rule 26(b)(5). That rule requires that parties claiming a privilege must "make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). Future submissions to this court regarding discovery disputes should include the original discovery request, the response, if any, to that request and the specific issues to be addressed by this court with respect to each request or response. Plaintiff's failure in his original motion to compel to refer to specific discovery requests and responses has created a great deal of unnecessary ambiguity in later submissions. Finally, any submission to this court should conform to the Local Rule 37.2 requirement that the moving party moving for discovery pursuant to Rules 26-37 must submit a statement that the parties engaged in a consultation, either in person or by telephone, in an attempt to resolve their differences but failed to do so. L.R. 37.2

**Defendant's Privilege Claims**

Documents Nos. 1 - 33 were not produced by Defendant pursuant to its claim that they were protected by either the attorney/client privilege or work product protection. In his motion, Plaintiff

2

asserted that Defendant's privilege claims had been waived as Document Nos. 1 - 33 had been disclosed to third parties. In response, Defendant claimed that a common interest privilege existed to preclude discovery of Document Nos. 1 - 33 in that the documents were disclosed to individuals who shared a common interest with Defendant regarding matters affecting the beryllium industry. In order for Defendant to prevail on his claims with respect to the applicability of the common interest doctrine, it must first demonstrate the validity of the underlying privileges.

The attorney- client privilege protects disclosure of information made to an attorney for the purpose of seeking legal advice. *Lorenz v. Valley Forge Insurance Co.*, 815 F.2d 1095, 1097 (7th Cir. 1987). Voluntary disclosures by the holder of the attorney-client privilege are not consistent with the confidential nature of the attorney-client relationship and effect a waiver of the privilege. *Powers v. The Chicago Transit Authority*, 890 F.2d 1355, 1359 (7th Cir. 1989). Also, the party seeking to invoke the privilege has the burden of proving each essential element of the privilege. *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir, 1997). The Seventh Circuit, citing Dean Wigmore, identified the essential elements of the privilege as

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself of the legal advisor, (8) except the protection be waived. *Evans* at 1461.

Defendant has asserted the attorney-client privilege with respect to Document Nos. 1-8, 10-22 and 24, 26-33.[2] With respect to those documents, Defendant has provided a brief description of the document and the privilege claimed.

---

[2] In its October 9, 2001, submission, Defendant withdrew its privilege claim with respect to Document No. 9. In Document Nos. 23 and 25 Defendant indicated that the common interest privilege was applicable but did not specify an underlying privilege.

3

The majority of the documents for which the attorney-client privilege has been asserted were disclosed to NGK Metals, Inc., The Beryllium Corp. and Cabot. Defendant asserts that NGK, The Beryllium Corp and Cabot shared a common legal interest in potentially litigating regulatory findings or challenging those finding is court. Most of the documents for which the attorney-client privilege have been claimed address issues arising from Defendant's interest in state, federal and international regulatory organizations with regard to the classification of beryllium and standards pertaining thereto. These documents communicate to those third parties advice from Defendant's attorneys and memoranda prepared in anticipation of regulatory proceedings. The only exceptions are Document Nos. 23 and 25 which are letters from Defendant's outside counsel regarding litigation Defendant was then involved in and was shared with co-defendants. The majority of the documents do appear to meet the requirements for application of the attorney-client privilege, with the exception of the requirement that privilege not be waived through disclosure to a third party.

With respect to the work product protection claimed for Document Nos. 1, 3, 7, 13-16, 20-22, 27 and 33, Defendant must demonstrate that materials for which the protection is sought were prepared in anticipation of litigation. *Logan v. Commercial Union Insurance Co.*, 96 F.3d 971 (7th Cir. 1996). As stated above, with regard to the majority of Document Nos. 1-33 Defendant has claimed that the documents were prepared in anticipation of regulatory proceedings before state, national and international agencies. Defendant has failed to demonstrate that the documents at issue satisfy the requirement of the work product doctrine that they were prepared in anticipation of litigation. However, all of the documents for which work product protection was claimed, were also covered by the attorney-client privilege should Defendant prevail on its assertion of the common interest doctrine.

The common interest doctrine extends the attorney-client privilege and work product protection to provide that disclosure to third parties does not waive the privilege when the parties are linked by a common interest. *Beneficial Franchise Co., Inc. v. Bank One*, 2001 U.S. Dist. LEXIS 5986 (N.D. Ill. May 8, 2001). The common interest doctrine applies to parties in current or potential litigation and to maintain the privilege the parties must share an interest relating to a litigation interest and not merely a common business interest. *Beneficial* at * 12.

In Defendant's most recent submission, it has attempted to assert that the interest shared between itself and the other beryllium companies did relate to litigation. In Document Nos. 26, 27 and 30-32, Defendant claimed it was establishing a record in the event that it was required to litigate the regulatory findings in court. In most of the remaining documents, Document Nos. 1,3-5, 8, 10-20, 26, 28, 29 and 33, Defendant claimed that it shared a common interest with the other beryllium companies in ensuring that the standards set through the regulatory proceedings were fair and accurate. With the exception of Document Nos. 23 and 25, Defendant has not demonstrated that the common interest doctrine is applicable to Document Nos. 1-33. Defendant's descriptions regarding why the documents were shared with the third parties indicate that the primary reason for the cooperation between the beryllium producers was to obtain favorable results at regulatory proceedings. It does not appear, from a review of the submitted documents, that the parties had any other motivation than a business concern in attempting to obtain favorable results in the regulatory proceedings. Further, any thought of future litigations arising from those proceedings is too remote to permit the application of the common interest doctrine. Additionally, Defendant's failure to raise the issue of anticipation of future litigation in their initial submissions to this court belies its current claims that the common interest shared by Defendant and the third party producers was to prepare

for future litigation against the regulatory agencies. For these reasons, Plaintiff's motion to compel as to Document Nos. 1-22, 24 and 26-33 is granted.

As stated above, with regard to Document Nos. 23 and 25, the attorney-client privilege and the common interest doctrine are both validly raised by Defendant. Unlike the remaining Document Nos. 1-33, Document Nos. 23 and 25 were disclosed to co-defendants. Also, the documents were shared in the context of ongoing litigation and not merely regulatory proceedings. Document No. 23 is a letter from Defendant's outside counsel to an expert and was shared with Defendant's co-defendant at the time, Kawcki-Berylco. Document No. 25 is a letter to Defendant from co-defendant, NGK, and addresses legal strategy. Therefore, Plaintiff's motion is denied as to Document Nos. 23 and 25.

Finally, Plaintiff has sought the disclosure of Document Nos. 34-37, correspondence from Defendant to Mr. Rose of Jones Day, the firm representing Defendant. Plaintiff claimed that the correspondence may not be protected by the attorney-client privilege as at the time Mr. Rose was also serving on Defendant's Board of Directors and may not have received the correspondence in his capacity as Defendant's counsel. This court has reviewed the documents at issue and determined that they are protected by the attorney-client privilege. Each of the documents was addressed to Mr. Rose at his office at Jones Day. The correspondence does satisfy the requirements set forth above in that it seeks advice regarding a legal matter, from counsel, and was maintained in confidence. Therefore, Defendant is not required to produce Document Nos. 34-37 to Plaintiff and Plaintiff's motion as to those documents is denied.

**CONCLUSION**

Through its in camera inspection, this court has determined that Document Nos. 23 and 25

are protected from disclosure through the attorney-client privilege and the common interest doctrine. The remainder of Document Nos. 1-33 are not privileged as the common interest doctrine is inapplicable. Those documents must be produced to Plaintiff by November 13, 2001. Finally, this court has determined that Document Nos. 34-37 are protected by the attorney-client privilege and that Defendant is not required to produce them to Plaintiff.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 10/30/01